## WAKEFIELD et al. v. BURCHERS et al.
### (No. 7944.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 29, 1928.

**1. Appeal and error ☞773(2)—Court of Civil Appeals must dismiss appeal, where no briefs are filed, and record does not show fundamental error.**

Court of Civil Appeals must dismiss an appeal, where the appellants have filed no briefs, and it does not appear from the record that fundamental error was committed in disposition of cause in court below.

**2. Appeal and error ☞719(4), 755—Action in sustaining general demurrer held fundamental, requiring consideration on appeal, even in absence of briefs or error assigned.**

Trial court's action in sustaining general demurrer *held* fundamental in nature so as to require that the Court of Civil Appeals consider appeal from trial court's order, even in absence of assignment of error or briefs.

**3. Judgment ☞460(3)—Petition to set aside default judgment held to show lack of diligence cutting off recourse to equity.**

Petition, seeking to set aside former default judgment, from which it appeared former suit had remained on docket between three and four years, that defendants therein, plaintiffs on petition, were not present at trial in person or by counsel, that no appeal or writ of error was prosecuted from the judgment, that defendants therein had previously filed a suit in same court to set aside judgment, but had failed to press it, and it was dismissed for want of prosecution, *held* to disclose such lack of diligence as to cut off petitioner's right of recourse to equity, making the sustaining of a general demurrer to petition proper.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Jean Cohn Wakefield and others against C. L. Burchers and others. From an order dismissing the cause, plaintiffs appeal. Appeal dismissed.

W. M. Groce, of San Antonio, for appellants.

Kleberg & North, of Corpus Christi, for appellees.

SMITH, J. [1] In this cause appellants have filed no briefs, and it therefore becomes the duty of this court to dismiss the appeal, unless it appears from the record that fundamental error was committed in the disposition of the cause in the court below. It appears that court sustained a general demurrer to appellants' petition, and, upon appellants' refusal to amend, dismissed the cause. The appeal is from the order of dismissal.

[2] The action of the court in sustaining the general demurrer was, of course, fundamental in nature, requiring that it be considered by this court, even in the absence of assignment of error or briefs.

[3] It appears from appellants' petition that in July, 1922, appellees filed a suit against appellants; that this suit remained on the docket until in March, 1926, when judgment was rendered in favor of appellees and against appellants. Neither appellants nor any counsel representing them were present at the trial, which proceeded without them. Appellants prosecuted no appeal or writ of error from that judgment, although they filed a motion for new trial a few days after it was rendered, but after the court had adjourned for the term. Later in the year appellants filed a suit in the same court to set aside the judgment complained of, but failed to press that suit, and it was subsequently dismissed for want of prosecution. Later on appellants filed this, the second suit to set aside the former judgment, and declare the same to be void, and for injunction, and it was the petition in the second suit against which the general demurrer was sustained, and of which action complaint is made in this appeal. We conclude that the facts set out in the stricken petition disclose such a lack of diligence as to cut off appellants from any right of recourse to a court of equity, and that the trial court did not err in sustaining the general demurrer.

The appeal is accordingly dismissed.